UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

```
SANTOS BRUNO VEGA                      )
P.O. Box 2816                          )
Harrisonburg, Virginia 22801,          )
                                       )
              Plaintiff                )
                                       )
vs.                                    ) C.A. No._____
                                       )
RODCO, LTD.                            )
15704 Lee Highway                      )
Gainesville, Virginia 20155            )
                                       )
   Serve:                              )
Patricia A. Woodward                   )
31 South Second Street                 )
Warrenton, Virginia 20186,             )
                                       )
MARK DONOVAN                           )
15704 Lee Highway                      )
Gainesville, Virginia 20155,           )
                                       )
DONNA DONOVAN                          )
15704 Lee Highway                      )
Gainesville, Virginia 20155,           )
                                       )
KYLE DONOVAN                           )
15704 Lee Highway                      )
Gainesville, Virginia 20155,           )
                                       )
              Defendants.              )
```

COMPLAINT

Plaintiff Santos Bruno Vega, by counsel, hereby complains and alleges as follows:

I. NATURE OF CASE

1.   This is an action brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 et seq., by Santos Bruno Vega, against Defendants RODCO, Ltd., Mark Donovan, Donna Donovan, and Kyle Donovan for overtime violations of the FLSA.

## II. JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction over the FLSA claims under 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.     Venue is proper in this district and in this division by virtue of 28 U.S.C. §1391(b) because, among other reasons, a substantial part of the events or omissions giving rise to the claims occurred in this district and in this division. Plaintiff has been employed by Defendants in Prince William County, Virginia, in this division.

## III. THE PARTIES

4.     Plaintiff Santos Bruno Vega is a resident of Harrisonburg, Virginia. From in or about April 2016 and continuing until the present, Plaintiff has been employed by Defendants, working in Prince William County, Virginia. Plaintiff worked in the restaurant that does business as Blue Ridge Seafood. Plaintiff's duties included washing dishes, cleaning bathrooms, making crab cakes, pies, coleslaw, and oysters, and prepping potatoes.

5.     Defendant RODCO, Ltd. is a corporation, organized under the laws of Virginia, with its principal place of business in Gainesville in Prince William County, Virginia. Defendant has regularly conducted business activity in Prince William County, Virginia. Defendant operates a seafood restaurant that sells crabs and other seafood. Defendant does business as Blue Ridge Seafood and/or Blue Ridge Seafood Restaurant and/or Blue Ridge Crab & Seafood Restaurant and/or Blue Ridge Crab & Seafood.

2

6.   Defendant Mark Donovan is a significant owner of RODCO, Ltd. Defendant owns RODCO, Ltd, with his wife and his in-laws. Defendant performs management duties in the restaurant, including managing the unloading of crabs and oysters, and helping manage employees.  Defendant Mark Donovan is the father of Defendant Kyle Donovan and the husband of Defendant Donna Donovan.

7.   Defendant Donna Donovan is a significant owner of RODCO, Ltd.  Defendant owns RODCO, Ltd, with her husband and her parents. Defendant performs management duties in the restaurant.  Defendant Donna Donovan is the mother of Defendant Kyle Donovan and the wife of Defendant Mark Donovan.

8.   Defendant Kyle Donovan is the manager of the restaurant which does business as Blue Ridge Seafood and/or Blue Ridge Seafood Restaurant and/or Blue Ridge Crab & Seafood Restaurant and/or Blue Ridge Crab & Seafood.  Defendant performs management duties in the restaurant.

IV. <u>FACTS</u>

9.   Defendant RODCO, Ltd. had annual gross volume of sales or business done of $500,000 or more at all times relevant herein.

10. Defendant RODCO, Ltd. was an enterprise engaged in interstate commerce or in the production of goods for interstate commerce at all times relevant herein.

11. Defendants were an enterprise engaged in interstate commerce or in the production of goods for interstate commerce at all times relevant herein.

12.   Defendants engaged in interstate commerce by such means as regularly engaging in telephone calls with persons in other states, regularly sending mail to and receiving mail from persons in other states, making business transactions in interstate commerce, and purchasing crabs from other states, including Maryland and North Carolina.

13.   Defendants were all employers of Plaintiff for purposes of the FLSA.

14.   Plaintiff was jointly employed by Defendants for purposes of the FLSA at all times relevant herein.

15.   Defendants Mark Donovan, Donna Donovan, and Kyle Donovan all acted directly or indirectly in the interest of Defendant RODCO, Ltd. in relation to Plaintiff for purposes of the FLSA.

16.   Defendants Mark Donovan, Donna Donovan, and Kyle Donovan all had operational control of significant aspects of the day-to-day functions of RODCO, Ltd., including decisions on the hiring, firing, and compensation of employees, at all times relevant herein.

17.   Defendants Mark Donovan, Donna Donovan, and Kyle Donovan all exercised control over the work situation at RODCO, Ltd. at all times relevant herein.

18.   Defendants Mark Donovan, Donna Donovan, and Kyle Donovan all had the power to hire and fire employees, had the power to supervise and/or control employees' work schedules or conditions of employment, had the power to determine the rate and method of

employee compensation, and had authority over maintenance of employment records.

19.   Defendants Mark Donovan and Donna Donovan were both involved in hiring Plaintiff to be an employee of RODCO, Ltd., after they were both in an interview with Plaintiff about possible employment.

20.   Plaintiff engaged in commerce across state lines in the course of his employment with Defendants by, without limitation, using goods manufactured in other states, helping prepare crab products from crabs from other states, and engaging in telephone calls across state lines.

21.   Plaintiff regularly worked more than 40 hours a week for Defendants.

22.   Defendants and/or their agents required and/or suffered or permitted Plaintiff to work overtime hours.

23.   Defendants scheduled Plaintiff to work more than 40 hours a week for Defendants.

24.   Defendants paid Plaintiff on an hourly basis.

25.   Defendants paid Plaintiff $11 an hour in 2016 and $12 an hour in 2017 and/or 2018.

26.   Defendants rarely paid Plaintiff more than his base hourly rate for overtime hours worked during his employment with Defendants.

27.   Defendants paid Plaintiff on an hourly basis, but did not pay Plaintiff one and one-half times his regular rate of pay for

most of the hours worked over 40 during his employment with Defendants.

28.   Defendants attempted to avoid paying Plaintiff overtime compensation required by law by paying Plaintiff under two names.

29. Defendants paid Plaintiff both under his own name and under the name of his wife, Beatriz Torres, for hours worked by Plaintiff.

30.  Defendant Mark Donovan told Plaintiff that he would allow Plaintiff to work more hours, if he would be paid for some of the hours that he worked in his wife's name.

31.  Defendant Mark Donovan asked Plaintiff for his wife's social security number so that Defendants could pay Plaintiff in his wife's name.

32.  Schedules of employee hours to be worked had Plaintiff's name on them, even when Plaintiff was paid for some of those hours in his wife's name.

33.  Plaintiff had only one punch number for the electronic time keeping system and recorded all of his hours of work using that one punch number.

34.  Plaintiff's wife did not have a punch number for the electronic time keeping system.

35. Defendants knew that Plaintiff regularly was working more than 40 hours a week without overtime compensation and/or without being paid time and one-half his regular rate of pay for hours worked over 40.

36.   Plaintiff worked more than 40 hours a week and did not receive proper overtime compensation in many workweeks during his employment with Defendants.

37.   For example, in the workweek from May 22, 2017 to May 28, 2017, Plaintiff was paid for 40 hours of work in his own name of Santos B. Vega, and also paid for 22.90 hours of work in the name of Beatriz A. Torres, all at the rate of $12.00 an hour.

38.   As another example, in the workweek from May 15, 2017 to May 21, 2017, Plaintiff was paid for 40 hours of work in his own name of Santos B. Vega, and also paid for 21.89 hours of work in the name of Beatriz A. Torres, all at the rate of $12.00 an hour.

39.   As another example, in the workweek from February 20, 2017 to February 26, 2017, Plaintiff was paid for 40 hours of work in his own name of Santos B. Vega, and also paid for 30.59 hours of work in the name of Beatriz A. Torres, all at the rate of $12.00 an hour.

40.   As another example, in the workweek from February 13, 2017 to February 19, 2017, Plaintiff was paid for 40 hours of work in his own name of Santos B. Vega, and also paid for 32.01 hours of work in the name of Beatriz A. Torres, all at the rate of $12.00 an hour.

41.   Plaintiff received some overtime compensation in the pay stubs in his own name for five workweeks beginning on April 18, 2016 and ending on May 15, 2016.   Plaintiff received a total of $437.55 in overtime compensation for these five workweeks.

42.   Plaintiff began receiving part of his compensation in the name of Beatriz A. Torres in the workweek from May 16, 2016 to May 22, 2016.

43.   After that period, Plaintiff received only an extremely small amount of overtime compensation in his own name.

44.   Plaintiff received no further overtime compensation in 2016, after the workweek ending on May 15, 2016, in his own name.

45.   Plaintiff received only $30.78 of overtime compensation in his own name in 2017, through July 21, 2017.

46.   Plaintiff received over $18,000 in compensation in the name of Beatriz A. Torres in 2016 and 2017, with all but $8.42 of that being for compensation at the straight time rate.

47.   Defendants knew that it was unlawful to fail to pay overtime compensation to an employee who was paid on an hourly basis and who worked more than 40 hours a week.  Alternatively, Defendants acted in reckless disregard of the law in not knowing that such actions were unlawful.

48.   Defendants knew that it was unlawful to fail to pay overtime compensation to an employee by paying the employee for some of his hours of work in the name of another person. Alternatively, Defendants acted in reckless disregard of the law in not knowing that such actions were unlawful.

49. Defendants failed to post in the workplace the poster concerning rights under the FLSA required by the U.S. Department of Labor under 29 C.F.R. §516.4, at least until very recently.

V. <u>CLAIMS FOR RELIEF</u>

COUNT ONE
<u>VIOLATION OF FLSA OVERTIME REQUIREMENTS</u>

50.   The allegations of the preceding paragraphs are here realleged.

51.   Defendants did not compensate Plaintiff at the proper rate for all hours that Defendants required and/or "suffered or permitted" Plaintiff to work for Defendants with the actual or constructive knowledge of Defendants.

52.   Defendants regularly and willfully required Plaintiff to work in excess of 40 hours during a workweek and/or "suffered or permitted" such overtime work.

53.   Defendants did not pay Plaintiff one and one-half times his FLSA regular rate of pay for all of the hours he worked in excess of 40 in each workweek (i.e., Defendants did not pay overtime compensation required by law for all overtime hours worked).

54.   Defendants regularly and willfully violated the FLSA by not compensating Plaintiff at the proper rate for all hours he was required and/or "suffered or permitted" to work for Defendants and/or for not paying all overtime compensation due to Plaintiff.

55.   By reason of the foregoing, Plaintiff has been damaged and is due unpaid compensation (including unpaid overtime compensation), an amount equal to that unpaid compensation as liquidated damages, and reasonable attorneys' fees and expenses, and costs under 29 U.S.C. §216(b).

WHEREFORE, Plaintiff demands judgment against Defendants RODCO, Ltd., Mark Donovan, Donna Donovan, and Kyle Donovan, jointly and severally, for unpaid compensation (including unpaid overtime compensation), in an amount to be determined at trial, an amount equal to that unpaid compensation as liquidated damages, interest, reasonable attorneys' fees and expenses, costs, and such other relief as this Court considers proper.

Respectfully submitted,
Santos Bruno Vega
By counsel:


/s/ John J. Rigby

John J. Rigby, #20116
McInroy & Rigby, L.L.P.
2111 Wilson Blvd., Suite 800
Arlington, Virginia 22201
(703) 841-1100
(703) 841-1161 (fax)
jrigby@mcinroyrigby.com




Daniel P. Barrera, #32185
The Barrera Law Firm, PLLC
5845 Richmond Highway, Suite 620
Alexandria, Virginia 22303
(703) 955-4007
(703) 663-9200 (fax)
dbarrera@barreralawfirm.com